JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
STEPHANIE G. HERRERA (State Bar No. 313887)
Stephanie.Herrera@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendants
Samuel Altman, OpenAI Foundation,
OpenAI OpCo, LLC, and OpenAI Group PBC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TUMBLER RIDGE SHOOTING LITIGATION<br><br>This Document Relates To: All Related Actions | Lead Case No. 3:26-cv-03701-JSC<br><br>**DEFENDANTS' STATEMENT RE: PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge: Hon. Jacqueline S. Corley<br>Crtrm.: 8th (19th Floor) |

**DEFENDANTS' STATEMENT PURSUANT TO CIVIL L.R. 79-5(f)(3)**

Pursuant to Civil Local Rule 79-5(f)(3) and the Court's Civil Standing Order, Defendants respectfully submit this statement and the concurrently filed declaration of Stephanie G. Herrera to address Plaintiffs' Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed. The Administrative Motions ask the Court to consider whether to permit public filing of the contents of nonparty Jesse Van Rootselaar's private conversations with ChatGPT, including but not limited to excerpts of those conversations quoted in, and submitted with, the complaints and amended complaints filed in these related actions on October 29 and October 30.[1]

Defendants condemn Van Rootselaar's horrific crime in the strongest possible terms. Defendants anticipate that the contents of Van Rootselaar's conversations with ChatGPT may become public in the future, e.g., if and when they are disclosed to the public by the Royal Canadian Mounted Police. Ultimately, OpenAI defers to the Court on the appropriateness of making Van Rootselaar's conversations public. However, the Court should be aware that RCMP officers have stated in sworn declarations filed in British Columbia's courts (as well as in recent public statements) that premature disclosure of evidence concerning Van Rootselaar's ChatGPT accounts risks compromising their ongoing criminal investigation. As explained below, that may be a compelling reason to seal all of Van Rootselaar's ChatGPT conversations and account data in U.S. civil litigation, at least at this juncture.

Sealing "portions of the complaints" requires "compelling reasons supported by specific factual findings" that outweigh the public interest in disclosure. *In re Google Play Store Antitrust Litig.*, 556 F. Supp.3d 1106, 1107 (N.D. Cal. 2021) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006)).

Protecting the integrity of an ongoing criminal investigation is a "compelling interest" that can overcome the presumption of public access to court proceedings and documents. *See Crowe*

[1] Plaintiffs' administrative motions also address an excerpt of a statement of facts that Defendants provided in lieu of responding to certain Requests for Production served by Plaintiff Mark Stacey, and an image published in the criminal complaint against Van Rootselaar's alleged co-conspirator, James Cody Bryant. Defendants did not designate the statement of facts confidential, did not produce the image, and do not seek to seal either.

*v. Cnty. of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002). Information about criminal investigations "is extremely sensitive." *In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th Cir. 2008). Thus, "the public has no First Amendment right to access" information about ongoing investigations, as public disclosure could "frustrate criminal investigations" and allow persons to "destroy evidence, coordinate their stories before testifying, or even flee the jurisdiction." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1213, 1215 (9th Cir. 1989); *see In re Granick*, 388 F. Supp. 3d 1107, 1119 (N.D. Cal. 2019) (recognizing government's "compelling interests . . . in the integrity of related criminal investigations and law enforcement techniques"); *Forbes Media LLC v. United States*, 548 F. Supp. 3d 872, 879-880 (N.D. Cal. 2021), *aff'd*, 61 F.4th 1072 (9th Cir. 2023) ("The government's interest in protecting its sources and methods of gathering information is both substantial and compelling because granting the public access to these documents would provide criminal wrongdoers insight into the investigation and a roadmap to avoid apprehension.").

Defendants' understanding, based on the limited information available in the United States, is that the RCMP continues to investigate Van Rootselaar's crime and has elected to keep all of Van Rootselaar's communications with online platforms confidential, including her conversations with ChatGPT. In British Columbia's courts, the RCMP has attested that premature disclosure of Van Rootselaar's ChatGPT records would "[c]ompromise the nature and extent of an ongoing investigation"; could influence the British Columbia Coroner's Inquest and any public inquiry; would "certainly be disseminated through various news outlets" given the "significant national and international attention"; could inspire "copycat attacks"; and "could put the public at risk." *See* Decl. of Stephanie G. Herrera in Support of Defs.' Stmt. re Pls.' Admin. Mots. to Consider Whether Another Party's Material Should Be Sealed ("Herrera Decl.") Ex. A at 91–94. The RCMP also has opposed media access to investigation records in British Columbia court. *See* Herrera Decl. ¶ 2; *see also His Majesty the King in Right of the Province of British Columbia v. Altman*, No. 26-cv-10743 (N.D. Cal.), Dkt. 18-1 (Lockhart Decl.) ¶ 8. Further, the RCMP has also stated publicly that their analysis of evidence from social media and digital platforms is ongoing, and that they have not shared further information publicly to preserve the integrity of their

investigation. *See* Herrera Decl. ¶ 4. The RCMP's ongoing investigation and position regarding sealing in British Columbia court is a compelling interest that may warrant sealing Van Rootselaar's ChatGPT conversations in this litigation, at least until the RCMP's criminal investigation concludes. *See Crowe*, 210 F. Supp. 2d at 1196, 1201 (noting court could revisit sealing "should the present circumstances change").[2]

Moreover, Defendants cannot unilaterally consent to public disclosure of users' private communications with ChatGPT. The Stored Communications Act prohibits providers of electronic communication and remote computing services from "knowingly divulg[ing] . . . the contents" of users' electronic communications, absent limited, enumerated exceptions. *See* 18 U.S.C. § 2702(a); *see also id.* § 2510(8) (defining "contents" to "include[] any information concerning the substance, purport, or meaning of that communication"). Neither Van Rootselaar's death nor her lack of U.S. citizenship extinguishes the SCA's applicability here.[3] *See In re Facebook, Inc.*, 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012) (quashing subpoena for messages of deceased foreign Facebook user). Van Rootselaar's communications were disclosed to Plaintiffs consistent with the SCA, subject to strict confidentiality protections, *see, e.g.*, Dkt. 51 (Stipulated Protective Order) § 7, but no exception permits Defendants to consent to the additional disclosure of those materials to the general public.

In addition to compliance with the SCA, Defendants must also consider British Columbia privacy law. The Information and Privacy Commissioner for the Province of British Columbia, an officer of the Legislature of His Majesty the King in Right of the Province of British Columbia, is investigating the use of Van Rootselaar's personal information by online platforms, of which OpenAI is only one, under British Columbia's Personal Information Protection Act. *See* Herrera Decl. Ex. B ¶ 34. In that investigation, the Province's Information and Privacy Commissioner has

[2] Defendants asked Plaintiffs whether, in light of the RCMP's ongoing investigation, they would withdraw their designation challenges, without prejudice to renewal after the RCMP investigation concludes; all Plaintiffs declined, including the Province. *See* Herrera Decl. ¶ 5.

[3] At least one court has held that a decedent user's living relatives retain a lawful interest in the user's electronic communications for SCA purposes. *See Ajemian v. Yahoo!, Inc.*, 478 Mass. 169, 171 (2017).

raised concerns about OpenAI merely *reviewing* Van Rootselaar's communications with ChatGPT for potential violent activities, *id.* ¶¶ 23–30—whereas in this litigation, the Province is arguing that Van Rootselaar's communications not only should have been disclosed to law enforcement before the shooting, but should now also be disclosed to the public. Given the assertions in the ongoing privacy investigation in British Columbia, Defendants are not in a position to consent to public disclosure of Van Rootselaar's communications and respectfully defer to the Court's decision.

If the Court determines that there is a compelling reason for sealing, it should grant the Administrative Motions to seal Van Rootselaar's ChatGPT communications, without prejudice to reconsideration after the RCMP investigation concludes. A table identifying the excerpts to be sealed is included in the concurrently filed proposed order pursuant to Local Rule 79-5(c)(3).

DATED: November 5, 2026

MUNGER, TOLLES & OLSON LLP

By: */s/ Stephanie G. Herrera*
STEPHANIE G. HERRERA
Attorneys for Defendants
Samuel Altman, OpenAI Foundation,
OpenAI OpCo, LLC, and OpenAI Group PBC