Matthew S.L. Cate (SBN 295546)
matt@matthewcatelaw.com
**LAW OFFICE OF MATTHEW S.L. CATE**
101 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel/Fax: 415-964-4400

*Counsel for Non-Party Dow Jones & Company, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re Tumbler Ridge Shooting Litigation | Lead Case No. 3:26-cv-03701-JSC<br><br>**Non-Party Dow Jones & Company, Inc.'s Notice of Motion and Motion to Intervene and Unseal Court Records** |
| This Document Relates To:<br><br>All Related Actions | Hon. Jacqueline S. Corley<br><br>Date: December 17, 2026<br>Time: 10:00 a.m.<br>Courtroom: 8 (19th Floor) |

## Table of Contents


Table of Authorities ....................3

Notice of Motion and Motion to Intervene and Unseal Court Records ....................5

Memorandum of Points & Authorities ....................6

I. Introduction ....................6

II. Background ....................6

III. Argument ....................8

A. The Court should allow Dow Jones to intervene. ....................8

B. The Court should unseal the Operative Complaints. ....................9

1. The public has a presumptive right of access to the Operative Complaints under the common law and First Amendment. ....................9

2. No party has carried the heavy burden to justify the redactions to the Operative Complaints. ....................10

IV. Conclusion ....................15

# Table of Authorities

## Cases


*Beckman Industries, Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) ... 9

*Bernstein v. Bernstein Litowitz Berger & Grossman LLP*,
814 F.3d 132 (2d Cir. 2016) ... 9

*Bohannon v. Facebook, Inc.*,
No. 12-cv-01894-BLF, 2019 WL 188671 (N.D. Cal. Jan. 14, 2019) ... 9

*Burgos v. Cnty. of Los Angeles*,
No. CV 21-5566 FMO (GJSX), 2022 WL 22883246 (C.D. Cal. Nov. 9, 2022) ... 14

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
809 F.3d 1092 (9th Cir. 2016) ... 5

*Courthouse News Serv. v. Planet*,
947 F.3d 581 (9th Cir. 2020) ... 9

*Doe v. City of San Diego*,
No. 12-CV-689-MMA-DHB, 2014 WL 1921742 (S.D. Cal. May 14, 2014) ... 13

*Globe Newspaper Co. v. Superior Court*,
457 U.S. 596 (1982) ... 8

*In re Civil Beat Law Center for the Public Interest*,
No. CV 23-00175 SOM-RT, 2023 WL 3505330 (D. Haw. May 17, 2023) ... 13

*In re Copley Press, Inc.*,
518 F.3d 1022 (9th Cir. 2008) ... 9

*In re Google Play Store Antitrust Litig.*,
556 F. Supp. 3d 1106 (N.D. Cal. 2021) ... 9, 10, 11, 13

*Kamakana v. City and Cnty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006) ... *passim*

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
307 F.3d 1206 (9th Cir. 2002) ... 10

*Ponomarenko v. Shapiro*,
No. 16-CV-02763-BLF, 2017 WL 3605226 (N.D. Cal. Aug. 21, 2017) ... 10, 13

*San Jose Mercury News, Inc. v. U.S. Dist. Court*,
187 F.3d 1096 (9th Cir. 1999) ... 9

*Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289 (9th Cir. 1986) ....................6

**Rules**

Fed. R. Civ. P. 24(b)(2)....................9

Fed. R. Civ. P. 26(c)....................10

Civil L.R. 79-5(c)(3)....................5

Civil L.R. 79-5(f)....................8

**Notice of Motion and Motion to Intervene and Unseal Court Records**

**PLEASE TAKE NOTICE** that on December 17, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-referenced Court, Non-Party Dow Jones & Company, Inc. ("Dow Jones") will and hereby does move the Court for an order (1) allowing Dow Jones to intervene in these actions for the limited purpose of enforcing the public's right of access to certain court records filed in this action and all related actions and (2) unsealing material contained in those records.

Specifically, Dow Jones asks the Court to lift the redactions applied to, and thereby unseal, the amended complaints filed on October 29, 2026, by the plaintiffs in *Stacey, et al. v. Altman, et al.*, No. 3:26-cv-03701-JSC and each of the related actions (the "Operative Complaints"). *See, e.g.*, First Amended Complaint, *Stacey, et al. v. Altman, et al.*, No. 3:26-cv-03701-JSC, ECF No. 61 ("FAC").

The press and public are entitled to intervene in cases to enforce their common-law and First Amendment rights to access judicial records. There is a strong presumption in favor of public access to the material Dow Jones seeks to unseal—that is, the extensive redactions applied to allegations asserted in the Operative Complaints. *See, e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).[1] To the extent that the parties have sought to keep the redactions to the Operative Complaints under seal, however, they have failed to carry their heavy burden to demonstrate that compelling reasons justify them or that the redactions to the Operative Complaints are narrowly tailored. *See, e.g.*, *id.*; Civil L.R. 79-5(c)(3). The Court should grant the motion, order the redactions removed, and require the Operative Complaints to be publicly filed in their entirety.

This motion is based on this notice and motion, the memorandum that follows below, all materials on file in these actions, all matters of which the Court may take judicial notice, and any further evidence and argument that the Court may consider in connection with the motion.

---

[1] Unless indicated otherwise, all internal citations, quotation marks, and brackets have been omitted from the citations in this petition.

# Memorandum of Points & Authorities

## I. Introduction

This case arises from tragedy and amid an ongoing public debate over a rapidly changing, transformative technology and the risks it may pose to public safety and even to humanity itself. The need for transparency into these proceedings, which ask whether and to what degree that technology contributed to a mass shooting, is as obvious as the right to that transparency is well-settled: "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

The Operative Complaints must be publicly revealed, in their entirety, unless a party seeking to maintain the redactions applied to them steps forward with a particularized showing of compelling reasons sufficient to overcome the "strong presumption" of access. *See id.* at 1178. No party has done so here, where publicly disclosing the Operative Complaints would certainly "promot[e] the public's understanding of the judicial process and of significant public events." *Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986). There is accordingly no basis to retain most, if any, of the redactions applied to the Operative Complaints.[2] Dow Jones therefore respectfully requests that the Court grant the motion to intervene and order those unjustified redactions to be lifted.

## II. Background

These cases arise from a deadly February 2026 mass shooting at Tumbler Ridge Secondary School in British Columbia, Canada. *See generally* FAC. According to the FAC, on the day of the shooting, Jessee Van Rootselaar is alleged to have killed her mother and half-brother at home before driving to her former school and carrying out a planned attack on children, teachers, and responding officers. *See* FAC ¶ 36. Van Rootselaar is alleged to have killed five

---

[2] As discussed below, Dow Jones does not contest redactions to passages in the Operative Complaints to the extent they genuinely reflect "tactical advice and operational guidance for making explosives or other weapons" and "potential minor sexual content." *See, e.g.*, Individual Plfs' Resp., ECF No. 78, at 1.

children and an educator, left more than two dozen others injured, and ended with Van Rootselaar taking her own life. *See id.*

Long before the shooting, Van Rootselaar engaged in extensive chat sessions with ChatGPT in which she discussed acts of gun violence. *See, e.g.*, *id.* ¶¶ 1–15, 40–72. Her account was automatically flagged, reviewed, and closed. *Id.* ¶ 15. But Van Rootselaar opened another ChatGPT account and used it to engage in further chats to help plan her attack at Tumbler Ridge. *See* FAC ¶¶ 16–23, 93–138.

Plaintiffs in 38 separately filed actions have sued OpenAI,[3] alleging among other things that it "design[ed] a dangerous and defective product" and ignored obvious warning signs that Van Rootselaar "posed a danger to those around her." *See id.* ¶¶ 3–4; *see also* Joint Stipulation & Order re Establishing Master Docket, ECF No. 58, at 4;[4] Georgia Wells, *OpenAI Employees Raised Alarms About Canada Shooting Suspect Months Ago*, The Wall Street Journal (Feb. 21, 2026), https://bit.ly/4frqarS ("Internally, about a dozen staffers debated whether to take action on Van Rootselaar's posts. Some employees interpreted Van Rootselaar's writings as an indication of potential real-world violence, and urged leaders to alert Canadian law enforcement about her behavior[.]"). Thirty-seven of the cases have been filed by individual plaintiffs (*e.g.*, family members of the victims of the Tumbler Ridge shooting). *See* ECF No. 58. Another case has been filed by His Majesty the King in Right of the Province of British Columbia and Board of Education of School District No. 59 (Peace River South) (the "Government Plaintiffs"). *Id.*

The claims come as the public grapples with AI's role in society, the risks it presents, and the balance between the privacy interests of users of the technology with public-safety concerns. *See, e.g.*, Georgia Wells, *OpenAI Employees Raised Alarms About Canada Shooting Suspect Months Ago*, The Wall Street Journal (Feb. 21, 2026), https://bit.ly/4frqarS ("Online platforms have long debated how to balance questions of privacy for their users with public safety

[3] As used in this motion, "OpenAI" refers collectively to Defendants Samuel Altman, OpenAI Foundation, OpenAI OpCo, LLC, and OpenAI Group PBC.

[4] Unless otherwise noted, all ECF references are to the docket entries in *In re Tumbler Ridge Shooting Litig.*, Lead Case No. 3:26-cv-03701-JSC.

in their decisions to alert certain users to law enforcement."); Amrith Ramkumar, *Anthropic Researcher Quits Over 'Out-of-Control' AI Fears*, The Wall Street Journal (Sept. 9, 2026), https://bit.ly/4iS6gaH; Alex Veiga, *New warnings about the risks of AI to humanity revive a long-running debate*, AP (Sept. 14, 2026), https://bit.ly/4tgQ7At (reporting "warnings from within" industry "over whether advanced AI could escape human control and ultimately threaten humanity's survival").

On October 29, 2026, the plaintiffs in all 38 related actions filed the Operative Complaints. *See, e.g.*, FAC. The Operative Complaints are heavily redacted pursuant to Civil Local Rule 79-5(f) on the ground that OpenAI has deemed the redacted material "confidential" pursuant to the protective order that governs the cases. *See, e.g.*, Individual Plfs' Admin. Mot., ECF No. 62. The redactions conceal quotations of or references to "the chat logs between ChatGPT and" Van Rootselaar. *Id.* at 4; *see also* Silverkorn Decl., ECF No. 62-1, ¶ 6. Plaintiffs oppose the redactions except for those they characterize as reflecting "(1) tactical advice and operational guidance for making explosives or other weapons, (2) potential references to living people, (3) potential minor sexual content, or (4) non-public medical information" (together, the "Plaintiff-Approved Redactions"). *See, e.g.*, Individual Plfs' Resp., ECF No. 78, at 1; Gov't Plfs' Proposed Order, ECF No. 79-3.

OpenAI designated the chat transcripts in their entirety as "confidential," but now "defers to the Court" on whether the redactions should be removed. Defs' Statement, ECF No. 76, at 2. In fact, OpenAI does not affirmatively advocate for the continued sealing of the redactions to the Operative Complaints. *See* Defs' Statement, ECF No. 76, at 4 (asserting that a potentially ongoing investigation "*may* warrant sealing" the transcripts) (emphasis added).

## III. Argument

### A. The Court should allow Dow Jones to intervene.

When access to judicial proceedings and records is at stake, "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982). It is thus well-settled that the press has standing to intervene in pending actions to enforce the right of access

to judicial proceedings and records and to challenge restrictions against that right. *See, e.g.*, *Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999) ("Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)."); *Bohannon v. Facebook, Inc.*, No. 12-CV-01894-BLF, 2019 WL 188671, at *2 (N.D. Cal. Jan. 14, 2019) (courts in the Ninth Circuit may permit "a non-party news organization … to intervene in a civil case to move to unseal judicial records"). The Court should accordingly grant Dow Jones's request to intervene in these actions for the limited purpose of seeking to unseal the Operative Complaints.

**B. The Court should unseal the Operative Complaints.**

**1. The public has a presumptive right of access to the Operative Complaints under the common law and First Amendment.**

Under the common law and First Amendment, the public has a presumptive right of access to judicial records. *See Kamakana*, 447 F.3d at 1178; *see id.* at 1180 (noting that "judicial records are public documents almost by definition, and the public is entitled to access by default"); *see also, e.g.*, *In re Copley Press, Inc.*, 518 F.3d 1022, 1026 (9th Cir. 2008) (constitutional right applies where public has had a history of access and access would benefit the functioning of court process, though lack of historical access is not dispositive); *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (holding that First Amendment right applies to newly filed nonconfidential civil complaints).

Because they are "the heart of … every lawsuit," the "strong presumption in favor of access" applies to complaints. *See In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021); *see also Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 136 (2d Cir. 2016) ("A complaint … is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.").

Given the strong presumption of access to judicial records, the fact that OpenAI merely designated the chat transcripts as "confidential" pursuant to a protective order is "not enough

to justify sealing." *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d at 1107. That is because the "compelling reasons" standard is stricter than the "good cause" showing required to justify a protective order under Rule 26(c). *See Kamakana*, 447 F.3d at 1180.

Instead, to carry their burden to justify continued sealing, any proponents of the redactions to the Operative Complaints must make a "particularized showing" that "specific prejudice or harm *will* result" if the material is disclosed. *See Ponomarenko v. Shapiro*, No. 16-CV-02763-BLF, 2017 WL 3605226, at *1 (N.D. Cal. Aug. 21, 2017) (emphasis added) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). Thus, a request to maintain the redactions must be denied unless the proponents of sealing "articulate compelling reasons supported by specific factual findings" to that end. *See In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d at 1107.

**2. No party has carried the heavy burden to justify the redactions to the Operative Complaints.**

**(a) Dow Jones does not contest, in principle, some of the Plaintiff-Approved Redactions but requests that the Court hold plaintiffs to their burden to justify sealing those passages.**

Plaintiffs have asserted that some of the redactions to the Operative Complaint reflect "(1) tactical advice and operational guidance for making explosives or other weapons, (2) potential references to living people, (3) potential minor sexual content, or (4) non-public medical information." *See* Individual Plfs' Resp., ECF No. 78, at 1.

Dow Jones does not contest the sealing of the first and third categories, provided the redactions remain limited to concealing the specific and purely tactical "advice and operational guidance" and actual "minor sexual content." But the public cannot understand the claims and defenses at the heart of these cases—about the potential applications of an incredibly powerful and increasingly mainstream consumer facing technology—without knowing whether ChatGPT did indeed provide Van Rootselaar tactical or operational guidance, on what subjects, how often, and over what period of time. Redactions, if any, should therefore be surgical

in nature and limited to replicable operational details, such as step-by-step methods, specifications, quantities, or instructions. Transcript passages reflecting the substance of Van Rootselaar's chat prompts should be unredacted to the extent they do not contain such details, and the passages should also reflect content sufficient to convey the nature and scope of ChatGPT's responses to the prompts.

Dow Jones also does not necessarily contest redactions that are narrowly applied to the other categories of material plaintiffs have requested to remain under seal. But plaintiffs' assertions in support of those redactions fall short of satisfying the "compelling reasons" standard. For one, it remains unclear why "potential references to living people," without more, justify sealing. Meanwhile, plaintiffs have not explained whose "non-public medical information" is at issue in the transcripts or why the implicitly asserted privacy interests overcome the presumptive right of access to the passages plaintiffs quote or refer to in the Operative Complaints. For example, if the material reflects Van Rootselaar's "medical information," the plaintiffs fail to explain what privacy interests justify the sealing of those passages, particularly in light of the fact that OpenAI already has raised the issue of Van Rootselaar's "troubled history and mental health" as an issue relevant to this case. *See* Mot. to Dismiss, ECF No. 29, at 11–12.

Accordingly, unless and until a proponent of the Plaintiff-Approved Redactions concerning "potential references to living people" and "non-public medical information" provides "articulate compelling reasons supported by specific factual findings" to justify sealing, the Court should order those passages unsealed. *See In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d at 1107.[5]

//

//

---

[5] If the Court ultimately finds that plaintiffs have met their burden to seal the Plaintiff-Approved Redactions, Dow Jones asks that the Court require their proponent to replace the redacted text with a short, bracketed description of its contents (*e.g.*, "[ChatGPT response describing weapon's effectiveness in confined spaces]") to inform the public about the nature of the redacted passage.

**(b) OpenAI has not advocated for continued sealing of the Operative Complaints, and none of its suggested reasons that sealing may be appropriate satisfy the stringent test for concealing material from the public.**

Despite the stringent standard it must meet to justify sealing judicial records (assuming it seeks to do so), and despite appearing to want to maintain the redactions to the Operative Complaint, OpenAI has not attempted to carry its burden. *See generally* Defs' Statement, ECF No. 76. Instead, it "defers to the Court on the appropriateness of" sealing the transcript passages and has not actually stated a position on whether there are, in fact, "compelling reasons" to justify their sealing. *Id.* at 2.

But "the proponent of sealing bears the burden with respect to sealing." *Kamakana*, 447 F.3d at 1182. It necessarily follows, then, that "the default posture of public access prevails" when no party is a "proponent of sealing." *See id.* Since no party has affirmatively argued that material other than the Plaintiff-Approved Redactions should be kept under seal, the Court at a minimum should order all other redactions to be lifted. *See id.*

In any event, none of the considerations OpenAI has raised justify the sealing of the redacted passages of the Operative Complaints.

*First*, OpenAI has failed to demonstrate that its alleged obligations under the Stored Communications Act and British Columbia privacy law overcome the public's right of access to judicial records here. Dow Jones adopts and incorporates into this motion by reference the plaintiffs' arguments regarding why OpenAI's invocations of the Stored Communications Act and British Columbia privacy law fail to justify sealing of the Operative Complaints. *See* Individual Plfs' Resp., ECF No. 78, at 3–4; Gov't Plfs' Resp., ECF No. 79, at 2–3. Crucially, moreover, OpenAI has not argued that those authorities require sealing or even support it—it merely has asserted that they only preclude OpenAI from "unilaterally consent[ing] to public disclosure." Defs' Statement, ECF No. 76, at 3–4. But whether OpenAI can consent to unsealing does not answer whether material must be made public under the presumptive right of access to judicial records.

Indeed, OpenAI cites no authority for its implicit suggestion that a federal statute (or foreign law) restricting a party's own disclosures, or permitting it to withhold information, is enough to overcome the strong presumption of access to that information when it appears in judicial records. It is not. *See, e.g.*, *Kamakana*, 447 F.3d at 1185 (rejecting argument that document should be sealed because the Freedom of Information Act allowed government to withhold it from disclosure); *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *2 (S.D. Cal. May 14, 2014) (rejecting argument that California statute's prohibition of disclosure of police officer personnel records "serve[d] as an automatic shield from disclosure in federal court … the City must still demonstrate compelling reasons to seal the documents"). In other words, even assuming the SCA and British Columbia privacy law restrict OpenAI's ability to disseminate chat transcripts in its possession, the material is now in the possession of the Court and, as a result, the public is entitled to access them because OpenAI has not explained why those authorities preclude the Court from releasing them.

*Second*, OpenAI's suggestion that the potential existence of an "ongoing criminal investigation" "may" justify sealing fares no better. *See* Defs' Statement, ECF No. 76, at 2.

Dow Jones refers to, adopts, and incorporates by reference the plaintiffs' arguments and evidence demonstrating why OpenAI's showing falls far short. It bears repeating, meanwhile, that sealing cannot be justified by conjecture and instead requires a "particularized showing" that "specific prejudice or harm *will* result" if the material is disclosed. *See Ponomarenko*, 2017 WL 3605226, at *1 (emphasis added); *see also In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d at 1107 ("Conclusory statements by a party about potential harm from public disclosure, or mere hypothesis or conjecture, will not do."); *In re Civil Beat Law Center for the Public Interest*, No. CV 23-00175 SOM-RT, 2023 WL 3505330, at *5 (D. Haw. May 17, 2023) ("the record must reveal a substantial probability that such harm will actually occur").

OpenAI's reference to statements by the Royal Canadian Mounted Police over that agency's supposed concerns does not pass the test. For one, as the Government Plaintiffs emphasize, the RCMP has not expressed any concern about the public disclosure of the transcripts as they may appear in this case. *See* Gov't Plfs' Resp., ECF No. 79, at 3–4. Further, OpenAI

suggests that the RCMP has recently said it remains reluctant to disclose certain details of its investigation "to preserve the integrity of their investigation." Defs' Statement, ECF No. 76, at 3–4. But the actual evidence on which OpenAI relies for that assertion says, instead, that RCMP was previously "limited in the information we could share publicly" due to the desire "to ensure our investigative theories and actions were not compromised" so that authorities could "prepare for the possibility that criminal charges could be pursued." Defs' Ex. C at 3. That statement, meanwhile, was made in conjunction with the announcement of the arrest of Van Rootselaar's alleged conspirator. *See id.* at 1 ("Bellingham resident charged …"); *see also, e.g.*, Compl., *United States v. James Cody Bryant*, No. 2:26-mj-00618-BAD (W.D. Wash.), ECF No. 2 (noting Oct. 6, 2026 arrest). The statement does not say or suggest that RCMP believes any harm to any further investigation (*e.g.*, into whether anyone may be charged in Canada) would arise if the chat transcripts were disclosed.

Similarly, OpenAI relies on stale and irrelevant information to the extent it tries to justify sealing based on an RCMP officer's statements made more than *eight months* ago, in the days shortly after the shooting, about disclosure of information *other* than the transcripts. *See* Defs' Ex. A at 94 (noting March 6, 2026, execution of application for production order).[6]

Thus, *at best*, and assuming it even advocates for sealing, OpenAI's argument for sealing is based on a guess, premised on old information, about the potential concerns an investigating agency might have about possible harm to an allegedly ongoing investigation, if the transcripts are disclosed. OpenAI thus does not "explain how public disclosure of the information" currently redacted in the Operative Complaints "*would* compromise" any investigation. *See Burgos v. Cnty. of Los Angeles*, No. CV 21-5566 FMO (GJSX), 2022 WL 22883246, at *3 (C.D. Cal. Nov. 9, 2022) (emphasis added). Because OpenAI has come nowhere close to providing a compelling reason to seal the redactions in the Operative Complaints, the Court should grant the motion to unseal.

---

[6] As the plaintiffs note, meanwhile, the chat transcripts at issue here were not referenced in the RCMP's application that OpenAI cites. *See* Individual Plfs' Resp. at 1–2.

## IV. Conclusion

For the foregoing reasons, Dow Jones respectfully requests that the Court grant the motion to intervene and order the Operative Complaints to be unsealed and publicly filed without redaction.

Date: November 12, 2026

**LAW OFFICE OF MATTHEW S.L. CATE**

By: */s/ Matthew S.L. Cate*
Matthew S.L. Cate

*Counsel for Non-Party Dow Jones & Company, Inc.*