Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

Brandt Silverkorn (SBN 323530)
bsilverkorn@edelson.com
Aaron Lawson (SBN 319306)
alawson@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300

*Attorneys for Individual Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TUMBLER RIDGE SHOOTING LITIGATION | Lead Case No. 3:26-cv-03701-JSC<br><br>**INDIVIDUAL PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT RE: PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 81)** |
| This Document Relates To:<br><br>All Individual Actions | Judge: Hon. Jacqueline Scott Corley<br>Courtroom 8–19th Floor |

For the reasons stated in the Individual Plaintiffs' Response to Defendants' Statement Pursuant to Civil L.R. 79-5(f)(3) (Dkt. 78 ["Indiv. Pls.' Resp."]), as well as those articulated in the British Columbia Government Entities' Response to Defendants' Statement Pursuant to Civil L.R. 79-5(f)(3) (Dkt. 79 ["B.C. Gov't Entities' Resp."]), and in proposed Intervenor Dow Jones & Company, Inc.'s Motion to Intervene (Dkt. 82 at 9–15 ["Dow Jones Mot."]), Defendants have not demonstrated compelling reasons to justify examining whether the public and private interests at play justify sealing every quotation to, or characterization of, Jesse Van Rootselaar's ChatGPT chat logs in the Individual Plaintiffs' Opposition to Defendants' Motion to Dismiss for Forum Non Conveniens. (Dkt. 74 ["Opposition"].) To briefly recap:

- Defendants' citation to statements by the Royal Canadian Mounted Police ("RCMP") regarding the need to keep its investigative theories secret does not justify sealing all evidence that might have been examined in that investigation. The fact of Van Rootselaar's ChatGPT usage is public knowledge, reported by the *Wall Street Journal* and independently confirmed by OpenAI itself just weeks after the shooting. A partially unsealed RCMP affidavit further revealed that the RCMP had sought the logs as part of its investigation. The logs themselves cannot shed light one way or another on how the RCMP investigation is proceeding, and so the secrecy interests asserted months ago by the RCMP cannot justify sealing the logs. (Indiv. Pls.' Resp., Dkt. 78 at 1–2; B.C. Gov't Entities' Resp., Dkt. 79 at 4; Dow Jones Mot., Dkt. 82 at 13–14.)
- The Stored Communications Act, 18 U.S.C. §§ 2701–2713, either has no application here or does not prevent disclosure of the logs. OpenAI has not demonstrated that it is an electronic communication service or that it provides remote computing services. Indeed, even after the Individual Plaintiffs pointed this out, Defendants did not provide any additional evidence or argument to justify that classification. And even if OpenAI *is* covered by the statute, *and* Van Rootselaar's prompts to the bot qualify as communications, OpenAI is plainly the recipient or sender of every communication at issue and may consent to their disclosure. (Indiv. Pls.' Resp., Dkt. 78 at 3–4.)

- The British Columbian government's privacy investigation does not justify sealing because British Columbia law permits disclosure upon an order of the Court. The Information and Privacy Commissioner is probing whether OpenAI acted reasonably when it reviewed Van Rootselaar's ChatGPT usage; Defendants do not argue that this investigation or proceeding would somehow be undermined by disclosure of the logs in this litigation. (Indiv. Pls.' Resp., Dkt. 78 at 4–5; B.C. Gov't Entities' Resp., Dkt. 79 at 5.)
- In any event, public reporting, particularly in *Mother Jones*, has shed substantial light on the content and tenor of Van Rootselaar's ChatGPT usage. Given the reporting in *Mother Jones*, there is no basis to continue sealing related information here, since it is already public. (Indiv. Pls.' Resp., Dkt. 78 at 2–3; *see also* Dow Jones Mot., Dkt. 82 at 7–8 (detailing *Wall Street Journal* reporting on OpenAI's response to Van Rootselaar's ChatGPT activity).)

The Individual Plaintiffs further state that they do not oppose, at this juncture, continued sealing of four narrow categories of content in Van Rootselaar's chat logs (with the exception of certain content that already has been the subject of public reporting): (1) responses from ChatGPT containing guidance for creating explosives or modifying firearms, as well as Van Rootselaar's prompts to the extent they betray that information, (2) references to potentially innocent third parties (thus far, no such references are at issue), (3) content that sexualizes a minor, and (4) previously unreleased medical information. The Individual Plaintiffs previously detailed the narrow redactions necessary to respect those four categories of information. (Proposed Order to Indiv. Pls.' Resp., Dkt. 78-3.) Defendants' request to seal more extensive portions of the current filings goes nowhere for the reasons stated above and elsewhere on this docket.

With respect to the Opposition, there is no material that falls within the categories of content described above. The Opposition describes in general terms some exchanges or prompts that touch on the subjects listed above, but the Opposition does not quote from any portion of the logs whose designation as "Confidential" has not been challenged. The descriptions in the Opposition lack the kinds of specifics that would justify sealing. As proposed Intervenor Dow Jones & Company, Inc., notes, descriptions of the content in Van Rootselaar's chat logs would not intrude on the same interests that justify sealing quotations or more explicit references to the content of Van Rootselaar's

chat logs. (Dow Jones Mot., Dkt. 82 at 10–11 & n.5.) The American public is engaged in an ongoing dialogue about AI safety and the role of AI in society, and understanding how ChatGPT functioned in this case is a key piece of information that should be included in that conversation. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."); Dow Jones Mot., Dkt. 82 at 10 (discussing the American public's interest in understanding "the potential applications of an incredibly powerful and increasingly mainstream consumer facing technology"). And given the overriding public interest in access to judicial records, in particular records associated with potentially dispositive motions practice, the Court should conclude that there is no basis to seal these general descriptions.

Finally, the Individual Plaintiffs also wish to note that some of the material that is provisionally sealed is not from the chat logs *per se*. Defendants offer no reason to continue to maintain, for instance, references to device information under seal, particularly since no specific devices have been identified. This information is not the content of any ostensible communication, and the Opposition contains no details that jeopardize any recognized privacy interests or any law enforcement operations. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (party seeking to keep record associated with potentially dispositive motion under seal bears the burden of articulating reasons to maintain seal).

As such, the Court should order the entirety of Individual Plaintiffs' Opposition to be filed publicly.

Respectfully submitted,

**INDIVIDUAL PLAINTIFFS,**

Dated: November 16, 2026

By: */s/ Brandt Silverkorn*

Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

Brandt Silverkorn (SBN 323530)
bsilverkorn@edelson.com
Aaron Lawson (SBN 319306)
alawson@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300

*Attorneys for Individual Plaintiffs*