Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

Brandt Silverkorn (SBN 323530)
bsilverkorn@edelson.com
Aaron Lawson (SBN 319306)
alawson@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300

*Attorneys for Individual Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TUMBLER RIDGE SHOOTING LITIGATION | Lead Case No. 3:26-cv-03701-JSC<br><br>**INDIVIDUAL PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIV. L.R. 79-5 (DKT. 86)**<br><br>Judge: Hon. Jacqueline Scott Corley<br>Courtroom 8–19th Floor |
| This Document Relates To:<br><br>All Individual Actions | |

There is no basis to maintain any portion of Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) under seal.

Defendants' administrative motion to seal (Dkt. 86) relies upon the same justifications put forth in prior "statements" seeking to maintain documents quoting or referring to the logs of Jesse Van Rootselaar's ChatGPT usage under seal. (*See* Dkts. 76, 81.) As has been explained previously, none of the cited reasons comes close to justifying a seal, except with respect to certain narrow slices of the chat logs. The Individual Plaintiffs incorporate previous filings on this matter, which explain why Defendants' invocation of the Canadian criminal investigation, the Stored Communications Act, and British Columbian privacy laws does not carry their burden to maintain all but the narrowest portions of Van Rootselaar's chat logs under seal. (Dkts. 78, 83; *see also* Dkts. 79, 84 (filings by the British Columbia Government Entity Plaintiffs explaining why sealing of Van Rootselaar's chat logs is inappropriate).)

Individual Plaintiffs wish to add just two points specific to Defendants' most recent sealing motion:

*First*, nothing in Defendants' motion to dismiss is the sort of content for which continued sealing is justified. And, as before, Defendants have not explained how the third-party interests they ostensibly seek to protect are furthered by sealing the information in question.

*Second*, any justification for sealing Jesse Van Rootselaar's chat logs has been significantly undermined by recent reporting in *Mother Jones*. The Individual Plaintiffs argued that previous reporting, which revealed several details in the logs and revealed the overall tenor of Van Rootselaar's ChatGPT usage, made sealing inappropriate for wide swaths of the logs. Any remaining justification (except as necessary to protect the public from, for example, copycats) has been eliminated by newer reporting, which dives further into the logs, and reveals additional details. (Silverkorn Decl., Ex. 1 (Mark Follman, *ChatGPT Helped "Sadistic" School Shooter Build 3D-Printed Weapons*, Mother Jones (Nov. 19, 2026), https://www.motherjones.com/media/2026/11/chatgpt-openai-tumbler-ridge-shooting-3d-printed-weapons-magazine/ [https://perma.cc/DD7K-BBHZ]).) The now-public nature of the logs vitiates any basis for maintaining any portion of the motion to dismiss, or its attachments, under seal.

Respectfully submitted,

**INDIVIDUAL PLAINTIFFS,**

Dated: November 23, 2026

By: */s/ Brandt Silverkorn*

Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

Brandt Silverkorn (SBN 323530)
bsilverkorn@edelson.com
Aaron Lawson (SBN 319306)
alawson@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300

*Attorneys for Individual Plaintiffs*