Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**STRANCH, JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 300
Oakland, California 94607
Telephone: (341) 217-0550
lweaver@stranchlaw.com
adavis@stranchlaw.com
jsamra@stranchlaw.com

*Attorneys for Plaintiffs His Majesty the King in Right of the Province of British Columbia and Board of Education of School District No. 59 (Peace River South)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TUMBLER RIDGE SHOOTING LITIGATION<br><br>This Document Relates To:<br><br>*His Majesty the King in Right of the Province of British Columbia, et al. v. Altman, et al.*, Case No. 3:26-cv-10743-JSC | Lead Case No. 3:26-cv-03701-JSC<br><br>**THE BCGE PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIV. L.R. 79-5**<br><br>Judge: Hon. Jacqueline Scott Corley |

## I. INTRODUCTION

Plaintiffs His Majesty the King in Right of the Province of British Columbia and Board of Education of School District No. 59 (Peace River South) (together, the "BCGEs") hereby respond to Defendants' request to once again cloak all the chats and related materials in confidentiality. Defs' Admin Mot. to Seal, *In re Tumbler Ridge Shooting Litigation*, Lead Case No. 3:26-cv-03701-JSC, ECF No. 86.[1] Defendants' motion is nearly identical to its previous such requests, and thus the BCGEs' response addresses substantially the same issues. *Compare id.* with Defs' Stmt re: Pltfs' Admin. Mots., *In re Tumbler Ridge Shooting Litigation*, Lead Case No. 3:26-cv-03701-JSC, ECF Nos. 76, 81.

The Court should deny Defendants' request for three reasons. First, Defendants' request is neither particularized nor narrowly tailored as required under the Local Rules and this Court's Standing Order. Second, Defendants cannot establish a compelling reason to seal the entirety of the chat logs by asserting the interests of third parties. And third, the Stored Communications Act ("SCA") does not require sealing data already produced.

## II. LEGAL STANDARD

The Ninth Circuit recognizes a "strong presumption in favor of access" to court records as a "starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* (quoting *Foltz*, 331 F.3d at 1135). The party must support the compelling reasons it articulates with "specific factual findings." *Id.* (quoting *Foltz*, 331 F.3d at 1135).

The Local Rules and this Court's Standing Order emphasize the need for particularity and narrow tailoring of a confidentiality designation. *See* Civil L.R. 79-5(a) ("A party must . . . avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)."); Civ. Standing Order for Dist. J. Jacqueline Scott Corley § E ("Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of

[1] Unless otherwise specified, all references to "ECF No." are to the lead case, *In re Tumbler Ridge Shooting Litigation*, Lead Case No. 3:26-cv-03701-JSC.

documents for which good cause exists for filing under seal."). Local Rule 79-5(c)(1) requires the Designating Party to include an explanation of, among other things, "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1).

## III. ARGUMENT

### A. Defendants' Request Is Not Narrowly Tailored.

On October 26, 2026, the BCGEs joined in the Individual Plaintiffs' proposal that the parties agree that certain portions of the chat logs remain confidential. These categories relate to (1) responses from ChatGPT containing guidance for creating explosives or modifying firearms, as well as Van Rootselaar's prompts to the extent they betray that information, (2) references to potentially innocent third parties (thus far, no such references are at issue), (3) content that sexualizes a minor, and (4) previously unreleased medical information. Declaration of Anne K. Davis ("Davis Decl.") ¶ 3. Defendants refused this proposal. Now they seek to seal all portions of the chat logs and any references to them. *See* ECF No. 86-5 at 2 (proposing the "all of Van Rootselaar's ChatGPT conversations and account data" and all references to it be sealed). In addition, and in spite of Local Rule 79-5(c), Defendants have not sufficiently addressed any of the requests in their proposed order to seal multiple lines of Plaintiffs' opposition to Defendants' Motion to Dismiss for Forum Non Conveniens. *See id.* This is the first reason to deny Defendants' request.

In fact, Defendants appear to concede that their approach is not narrowly tailored. They argue their "approach is warranted" because "the potential bases for sealing discussed in this motion apply equally to the entire corpus of communications." ECF No. 86 at 5. This conclusory statement, regarding a corpus of communications that spans more than 4,000 pages and contains over 29,000 messages, is the opposite of attempting to explain why a less restrictive alternative to sealing is insufficient. The motion is thus deficient under Local Rule 79-5(c). And as explained below, Defendants' "potential bases for sealing" also do not meet the compelling interest standard. *Id.*

### B. Defendants Cannot Meet the Compelling Interest Standard By Improperly Asserting Third-Party Confidentiality Interests.

A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 474 (1982) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

OpenAI improperly asserts confidentiality interests on behalf of the Royal Canadian Mounted Police ("RCMP") and the Information and Privacy Commissioner for British Columbia (the "Commissioner"). Neither of these third parties has requested the chat logs be sealed in this action. Further, Defendants admit the RCMP's ongoing investigation only "*may* be a compelling reason." ECF No. 86 at 2. And they do not affirmatively argue that the Commissioner's interests provide a compelling reason, stating merely, "Defendants must also consider British Columbia privacy law." *Id.* at 5. In contrast, Dow Jones's motion to intervene confirms that the press seeks access to these materials and highlights the public's strong interest in transparency in this case. *See* Dow Jones's Mot. to Intervene & Unseal Court Records, ECF No. 82 at 6 ("The need for transparency into these proceedings, which ask whether and to what degree that technology contributed to a mass shooting, is as obvious as the right to that transparency is well-settled." (citing *Kamakana*, 447 F.3d at 1180)). In fact, the chat logs have been and continue to be disclosed in public reporting, including several chats showing how ChatGPT gave Van Rootselaar tactical weapons advice, recently published by *Mother Jones*.[2]

**1. The RCMP has not asked that the chat logs be sealed.**

Defendants argue that the ongoing RCMP criminal investigation compels sealing. But "[i]t is not enough to merely mention an ongoing investigation to justify sealing." *In re Civil Beat L. Ctr. for the Pub. Int.t*, 2023 WL 3505330, at *5 (D. Haw. May 17, 2023) (collecting cases). Defendants do not state with specificity how the RCMP's investigation would be compromised by unsealing the chat logs. *See Burgos v. Cnty. of Los Angeles*, No. 2:21-cv-05566, 2022 WL 22883246, at *3 (C.D. Cal. Nov. 9, 2022) ("[D]espite defendants' repeated invocation of the need to 'protect[] the integrity' of the criminal investigation, they do not explain how public disclosure of the information . . . would compromise that investigation." (citation omitted)). As the BCGEs previously, in each authority Defendants cite, the government sought or defended the sealing of records concerning its own investigation. *See* ECF No. 79 at 4–5.

In claiming the risk of "copycat attacks" and presenting a hypothesis that it "could put the public at risk," ECF No. 86 at 3, Defendants quote the RCMP search warrant applications in Canada and related

[2] Mark Follman, *ChatGPT Helped "Sadistic" School Shooter Build 3D-Printed Weapons*, MOTHER JONES (Nov. 19, 2026), https://www.motherjones.com/media/2026/11/chatgpt-openai-tumbler-ridge-shooting-3d-printed-weapons-magazine/; *see also* Mark Follman, *ChatGPT Helped Tumbler Ridge Shooter Focus on Guns, Tactics, and Terror*, MOTHER JONES (Sept. 24, 2026), https://www.motherjones.com/media/2026/09/chatgpt-tumbler-ridge-mass-shooter-openai/.

documents, *see generally* ECF No. 86-2 at 93–95 (sworn to by an RCMP constable on March 6, 2026). But those publicly-released applications related to evidence outlined in an Information to Obtain evidence in pursuit of criminal inquiries over eight months ago. The redactions were targeted, and nowhere near as broad as the sealing Defendants request here. Defendants' cherrypicked citations to the RCMP's request to seal relating to its investigation are not a compelling reason to seal the entirety of the chat logs in this litigation. The RCMP later applied for, and the court entered "on consent of all parties," an order *releasing* those records to the media. *Id.* at 100–01.

Defendants acknowledge that the RCMP collaborated with the FBI and the U.S. Attorney's Office for the Western District of Washington in their criminal investigation of a potential co-conspirator in the U.S. *See* ECF No. 86-4 at 3–4. In this collaboration, the RCMP shared at least Discord chat logs between Van Rootselaar and the potential co-conspirator. *See* Complaint, *United States v. James Cody Bryant*, Case No. 2:26-mj-00618-BAT, ECF No. 1 at 5 (W.D. Wash. Oct. 2, 2026). No part of the resulting criminal complaint, which included quotes from the chat logs, was filed under seal. *See id.*

Defendants nonetheless submit their "understanding" of what the RCMP wants in this proceeding. Defendants note that in Canada the RCMP "has elected to keep all of Van Rootselaar's communications with online platforms confidential, including her conversations with ChatGPT." ECF No. 86 at 3. Counsel for the BCGEs has made inquiries through appropriate government channels to the RCMP. Lawless Declaration in Support of Pltfs' Opp. to Defs.' Mot. to Dismiss for Forum Non Conveniens, *His Majesty the King in Right of the Province of British Columbia v. Altman*, No. 3:26-cv-10743-JSC, ECF No. 31-1, ¶ 15. The RCMP has provided no position about maintaining the confidentiality of the chats in this matter.

**2. The Commissioner has not asked that the chat logs be sealed, and the Commissioner's investigation is irrelevant in this motion's inquiry.**

Defendants also assert an interest on behalf the Information and Privacy Commissioner for British Columbia. They claim the Commissioner "has raised concerns about OpenAI merely *reviewing* Van Rootselaar's communications with ChatGPT for potential violent activities." ECF No. 86 at 5 (emphasis in original). Again, the Commissioner herself is not asserting confidentiality here. Defendants' framing of the investigation is disingenuous: the Commissioner's inquiry also includes "the process by which [Van Rootselaar's account] was escalated to consider potential disclosure to Canadian authorities" and "the

rationale captured at the time for *not making such a disclosure*." ECF No. 86-3 ¶ 27 (emphasis added). The Commissioner's Office described its investigation as "focused on whether the use of personal information . . . in the delivery of the service (*i.e.* ChatGPT responses) is one that a reasonable person would consider appropriate in the circumstances, including the potential for responses to influence behaviour." *See* Davis Decl., Ex. A.

A foreign regulatory body's inquiry into ChatGPT's use of Van Rootselaar's personal information is not relevant here and does not compel sealing the record in this case. Defendants' sealing motion presents the question of whether the U.S. public's historical and presumptive right to access court records is outweighed by the sweeping and nonspecific confidentiality designations Defendants assert on behalf of others who have not directly made these requests. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *Foltz*, 331 F.3d at 1135. It is not.

**C. The SCA Does Not Require Sealing Data Already Produced.**

Defendants have not substantiated their sealing request under the SCA. The SCA (codified at 18 U.S.C. §§ 2701, *et seq.*) regulates how third-party providers (like email, cloud storage, and social media platforms) disclose stored electronic communications and user data to government agencies, private parties, and other entities. Its core goal is to balance user privacy rights with the legitimate needs of law enforcement and civil litigants to access relevant data. The fact that a statute restricts a party's disclosures does not, by itself, satisfy the compelling reasons standard for sealing. *See Kamakana*, 447 F.3d at 1185 (rejecting argument that the Freedom of Information Act's withholding provisions justified sealing).

Here, Defendants admit they already produced the chat logs in this action "subject to valid exceptions to the SCA." ECF No. 86-3 ¶ 8; *see* 18 U.S.C. § 2702(b)(5). The logs have been lodged with the Court. *His Majesty the King in Right of the Province of British Columbia v. Altman*, No. 3:26-cv-10743-JSC, ECF No. 30-2. Thus, Defendants already determined that good cause exists to produce the chats, and have done so. Defendants do not cite any further confidentiality provision under the SCA. Should the Court require additional information regarding the applicability of the SCA to Defendants' sealing requests, Plaintiffs respectfully request leave to brief those issues.

**IV. CONCLUSION**

The Court should deny Defendants' request to seal the chat logs in their entirety.

Dated: November 23, 2026

Respectfully submitted,

By: /s/ Lesley E. Weaver
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**STRANCH, JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 300
Oakland, California 94607
Telephone: (341) 217-0550
lweaver@stranchlaw.com
adavis@stranchlaw.com
jsamra@stranchlaw.com

*Attorneys for Plaintiffs His Majesty the King in Right of the Province of British Columbia and Board of Education of School District No. 59 (Peace River South)*

Reidar Mogerman, K.C.
rmogerman@cfmlawyers.ca
Rebecca Coad
RCoad@cfmlawyers.ca
**CFM LAWYERS LLP**
856 Homer Street, #400
Vancouver, British Columbia V6B 2W5
Canada

*Canadian Counsel for Plaintiffs His Majesty the King in Right of the Province of British Columbia and Board of Education of School District No. 59 (Peace River South)*