Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

Brandt Silverkorn (SBN 323530)
bsilverkorn@edelson.com
Aaron Lawson (SBN 319306)
alawson@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300

*Attorneys for Plaintiff Mark Stacey*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARK STACEY,<br><br>*Plaintiff*,<br><br>vs.<br><br>SAMUEL ALTMAN, an individual, OPENAI FOUNDATION, a Delaware corporation, OPENAI OPCO, LLC, a Delaware limited liability company, and OPENAI GROUP PBC, a Delaware public benefit corporation,<br><br>*Defendants*. | Case No. 3:26-cv-03701-JSC<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTE**<br><br>Judge: Hon. Jacqueline Scott Corley<br>Courtroom 8–19th Floor |

## ISSUE 1: THE SCOPE OF DISCOVERY WHILE MOTIONS TO DISMISS ARE PENDING

A. Plaintiff's Position

The Parties' core dispute is whether OpenAI must produce ESI responsive to Plaintiff's Requests for Production ("RFP") Nos. 1–2 and 4–5 while its motions to dismiss are pending. *See* Dkt. 29 (forum non conveniens); Dkt. 85 (Rule 12 motion). The answer is "yes" for three main reasons: (1) discovery is open and there is no stay, (2) the requests are narrow and responsive material is key evidence in this case, and (3) OpenAI's motions will not be dispositive. OpenAI objects on two bases: that any custodial ESI discovery amounts to premature "full-blown ESI discovery," and that its discovery efforts so far are sufficient. But these objections are meritless. OpenAI has essentially produced only two spreadsheets to date: the chat logs from the shooter's two ChatGPT accounts and some associated metadata. This production does not permit OpenAI to refuse to produce any more documents or negotiate an ESI protocol. Even more to the point, Plaintiff's requests hardly call for far-reaching discovery. Rather, they seek specific documents from specific custodians that OpenAI has already identified in its Statement of Facts, *see* Dkt. 74-3, and these documents are indisputably relevant regardless of which claims ultimately proceed and in which forum.

Plaintiff therefore respectfully requests that the Court (i) order the Parties to reach an ESI protocol within twenty-one (21) days, and (ii) compel OpenAI to begin producing documents responsive to RFP Nos. 1–2 and 4–5 by no later than **January 19, 2027**—which will be more than four months after Plaintiff served these RFPs.

*i. Brief Background*

The Parties had their Rule 26(f) conference on September 17, 2026, and the next day, Plaintiff Stacey served his First Set of Requests for Production on OpenAI OpCo, LLC (the "Requests"). *See* Exhibit 1. The Requests included five (5) RFPs that seek the core evidence in this case: (1) internal documents referring to Jesse Van Rootselaar ("JVR"), her accounts, and the shooting (RFP Nos. 1–2), (2) the chat logs between ChatGPT and JVR (RFP No. 3), (3) certain data from JVR's accounts, including Moderation System and Safety System outputs (RFP No. 4), and (4) documents identifying the OpenAI employees who reviewed JVR's accounts and decided not to refer her to law enforcement (RFP No. 5). But beyond the chat logs and some limited additional data, OpenAI has objected to producing all responsive information on grounds that ESI discovery is premature before the Court rules on the motions to dismiss. The result is that discovery has now come to a halt and OpenAI seeks a complete, open-ended stay.

The Parties have conferred about their dispute, including by videoconference on November 6, 2026, November 18, 2026, and November 19, 2026, and have reached an impasse.

*ii. ESI Discovery Is Appropriate Now*

OpenAI claims that ESI discovery is premature because their pending motions to dismiss might alter the claims and/or require the lawsuits be filed in Canada. This argument fails.

"The Federal Rules of Civil Procedure do not automatically stay discovery upon the filing of a motion to dismiss." *In re Dexilant (Dexlansoprazole) Antitrust Litig.*, No. 25-cv-02785-JSC, Dkt. 138 at 1 (N.D. Cal. Oct. 16, 2025) (Corley, J.); *see also HDT Bio Corp. v. Emcure Pharms., Ltd.*, No. C22-0334JLR, 2022 WL 2106160, at *3–4 (W.D. Wash. June 10, 2022) (denying stay of merits discovery where pending motion to dismiss under Rule 12 and for forum *non conveniens* to international forum). Rather, a stay is only warranted if a party establishes "good cause." Fed. R. Civ. P. 26(c)(1); *In re Dexilant*, Dkt. 138 at 1–2 (same). Claims that "resolution of [a] motion to dismiss would likely simplify the case and give the parties a greater understanding of what discovery is needed [are] unpersuasive." *In re Dexilant*, Dkt. 138 at 2. That is especially so where the documents sought "are indisputably relevant and central to the case." *In re Dexilant*, Dkt. 138 at

2; *see also In re HIV Antitrust Litigation*, No. 3:19-cv-02573-EMC, Dkt. 163 at 4 (N.D. Cal. Sept. 9, 2019) (denying stay and allowing "reasonably focused discovery").

Here, discovery has been open for more than two months and RFP Nos. 1–2 and 4–5 seek key evidence in this case: documents referring to JVR, her accounts, and the shooting itself. OpenAI does not seriously claim these requests are irrelevant or unduly burdensome. Instead, its main objection is that if either of its motions succeed, the scope of Plaintiff's claims or the forum could change. But that is precisely the type of objection that *does not* establish good cause to stay discovery. *See, e.g.*, *Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D. Cal. 1990) (conclusory argument that motions to dismiss will succeed "does not satisfy Rule 26(c)'s good cause requirement"); *Manion v. Buzzery, LLC*, No. 3:25-cv-09949-TLT, Dkt. 59 at 9 (N.D. Cal. Apr. 14, 2026) (denying stay and noting that "the Ninth Circuit adopts a liberal standard for leave to amend" so "[e]ven if the Court approves the dismissal, granting leave is probable, so the motion to dismiss is unlikely to be dispositive").

Indeed, courts have found motions to dismiss for forum *non conveniens* offer even less reason to stay discovery because discovery is bound to proceed one way or another. *See, e.g.*, *Turner v. Costa Crociere S.P.A.*, No. 1:20-cv-21481-KMM, Dkt. 41 at 9 (S.D. Fla. Aug. 23, 2020) (denying stay on pending forum *non conveniens* motion because "the need for discovery would not be eliminated [by motion]. . . . discovery would only be delayed because Plaintiff would be free to re-file the case in Italy."); *Moreno v. Marvin Windows, Inc.*, No. EP 07-CA-091 PRM, 2007 WL 2060760, at *1 (W.D. Tex. July 17, 2007) (denying stay and holding that "even if Defendant's 'Motion to Dismiss or Transfer' is granted, the parties will still need to engage in discovery, whether the litigation takes place in Tennessee, Minnesota, or Honduras."); *cf. Xu v. Weis*, No. 2:22-CV-00118-TL, 2022 WL 3577436, at *1 (W.D. Wash. Aug. 19, 2022) (denying a request to stay discovery where "discovery would still be relevant for whatever court the cases ultimately proceed in").

While OpenAI claims that it has already produced voluminous discovery, that is misleading at best. OpenAI has essentially produced only two long spreadsheets and some associated data and media files. And while OpenAI may complain that it has been a logistical lift to do so—e.g., it involved "significant hours of specialized engineering time"—that appears to be the consequence of OpenAI's own data practices for user accounts. OpenAI's repeated claim that Plaintiff fails to identify any prejudice also falls flat. The prejudice to Plaintiff here is the potential five months of discovery delay or more, which would not only increase the likelihood that witness memories would fade and important evidence would be lost, but also would delay resolution of the case. *See, e.g.*, *In re Dexilant*, Dkt. 138 at 2 ("A blanket stay . . . will inevitably delay case resolution.").

*iii. Final Proposed Compromise*

ESI discovery should begin immediately. The Parties should reach an ESI protocol or submit competing proposals within twenty-one (21) days. OpenAI should begin producing documents responsive to RFP Nos. 1–2 and 4–5 by **January 19, 2027**.

**B. <u>Defendants' Position</u>**

Defendants already have produced voluminous discovery responsive to the RFPs, including the discovery that the Individual Plaintiffs said they needed to amend their complaints and to oppose Defendants' pending motion to dismiss for forum non conveniens. Defendants are seeking a short stay only of further ESI discovery that requires full-scale custodial review until the Court resolves Defendants' potentially dispositive motions to dismiss for forum non conveniens and under Rule 12(b)(6). The Court will hear those motions on December 17 and February 11, respectively. It does not make sense to negotiate custodians, search terms, search and production parameters, and to commence a full-scale custodial review before the parties know what claims, if any, in what forum,

and under what discovery rules they will be litigating.[1] Starting this process now would undermine the purpose of the forum non conveniens motion and could lead to inefficiencies, whereas a short stay to ensure clarity on these threshold issues will not prejudice the Individual Plaintiffs at this early stage of litigation.

***Defendants have produced voluminous discovery.*** The Individual Plaintiffs have all the discovery they need for the present motions. Even before the RFPs were served, Defendants provided Plaintiffs with early discovery, including the chat logs for both of the known ChatGPT accounts associated with the shooter. Ex. B. Since service of the RFPs, Defendants have made three additional productions including the shooter's Sora prompts, ChatGPT and Sora media assets, memories, subscriber information, billing records, authentication logs, conversation feedback records, and support records—more than 3,700 pages and approximately 2GB in total. *See* Exs. C–E. And in response to venue-related requests, Defendants undertook significant efforts to provide a statement of facts regarding the locations of thousands of current and former OpenAI personnel. *See Stacey*, Dkt. 74-2, ¶ 2; Dkt. 74-3. Defendants also undertook exceptional efforts to locate additional media attachments and to construct special metadata overlays the Individual Plaintiffs requested, including significant hours of specialized engineering time and an enormous expenditure of computer resources to search tens of billions of records and terabytes of data.

***Full-scale custodial discovery is premature.*** The core dispute is whether, on top of everything Defendants already have produced, they also should commence custodial ESI discovery before two significant legal motions are decided. Although framed as narrow and targeted at "core evidence," Plaintiffs' outstanding requests seek *every* document, communication, and scrap of data in OpenAI's possession, custody, or control on certain topics. *See* RFP Nos. 1–2. Even if the subject matter is circumscribed, the scope of these "all" document requests are not; answering them would require full-blown ESI discovery, including negotiating custodians, search terms and search parameters, and document review. *See Arcell v. Google LLC*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (rejecting plaintiff's assertion that "a stay of discovery is not warranted because they are presently seeking only 'limited' discovery"). All these issues should be addressed in the ultimate forum under the applicable procedural and substantive rules, which may differ in British Columbia courts. *See Lana Int'l Ltd. v. Boeing Co.*, 1995 WL 144152, at *2 (S.D.N.Y. Mar. 30, 1995) (Canadian courts have different discovery limitations than U.S. courts); *see also* Declaration of Julia Lockhart, *B.C.* Dkt. 18-1, ¶ 6.

***Courts routinely stay discovery pending forum non conveniens motions.*** Courts routinely stay discovery while forum non conveniens or other venue motions are pending. In a similar action against OpenAI in Florida, the court has stayed discovery until resolution of OpenAI's motion to transfer venue. *See* Order Granting Defendants' Motion to Stay Discovery, *Office of the Att'y Gen., State of Fla. v. OpenAI Global, LLC, et al.*, 28-2026-CA-000295-GCAX-MX (Fla. Cir. Ct. Oct. 28, 2026) (Ex. F). Likewise, courts consistently hold that forum non conveniens issues should be resolved "before the parties engage in extensive discovery." *Vivendi, S.A. v. T-Mobile USA, Inc.*, 2007 WL 1168819, at *2 (W.D. Wash. Apr. 18, 2007); *accord Path to Riches, LLC ex rel. M.M.T. Diagnostics (2014), Ltd. v. CardioLync, Inc.*, 290 F. Supp. 3d 280, 286 (D. Del. 2018); *Ingenium Techs. Corp. v. Beaver Aerospace & Defense, Inc.*, 122 F. Sup. 3d 683, 689 (E.D. Mich.

---

[1] This issue sweeps more broadly than the Individual Plaintiffs' RFPs that are the subject of this joint statement. The British Columbia government plaintiffs have also served RFPs that will require broad ESI collection and review and raise other cross-border discovery issues. For example, one request seeks "[a]ll Documents Concerning discussing the subject matter of the First Amended Complaint" with any regulatory, law enforcement, or governmental body in Canada. *See* Ex. A (RFP No. 5).

2015). Allowing Plaintiffs to proceed with "extensive investigation" in this forum "would defeat the purpose of" Defendants' forum non conveniens motion. *See Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (affirming trial court's grant of dismissal for forum non conveniens and its decision to stay discovery pending decision on the motion); *accord Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983) (similar).

The argument for a brief stay is even stronger here given that Defendants have not only moved to dismiss for forum non conveniens but also filed an omnibus Rule 12(b)(6) motion to dismiss every claim asserted in these related actions. *See Om Records, LLC v. OM Developpement, SAS*, 2024 WL 1772850, at *2 (N.D. Cal. Apr. 23, 2024) (granting stay of discovery pending defendants' motion to dismiss for forum non conveniens and failure to state a claim). Staying discovery while a potentially dispositive Rule 12(b)(6) motion is pending "promote[s] efficiency and conserve[s] the parties' resources," *see Williams-Sonoma, Inc. v. Last Brand, Inc.*, 2026 WL 1301007, at *3 (N.D. Cal. May 12, 2026) (granting discovery stay pending Rule 12(b)(6) motion), so the parties can "commence discovery with a better understanding of which claims, if any, they must answer," *In re Google Digit. Advert. Antitrust Litig.*, 2020 WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020) (same).

***A short stay will not prejudice the Individual Plaintiffs.*** Given that Defendants already have produced to Plaintiffs all the discovery they needed to amend their complaints and to litigate the pending motions, a short stay of further discovery will not prejudice Plaintiffs. *See Yamasaki v. Zicam LLC*, 2021 WL 3675214, at *2 (N.D. Cal. Aug. 19, 2021) (granting motion to stay where there was "minimal risk of prejudice"). Plaintiffs' amorphous concerns about fading witness memories and delaying resolution of the cases are overstated: Defendants' forum non conveniens motion will be heard in three weeks, and the Rule 12(b)(6) motion will be heard shortly thereafter. There is no case schedule beyond the Rule 12(b)(6) motion hearing, and no case deadlines would be impacted by a short stay. *See Stacey*, Dkt. 46. Plaintiffs note that discovery has been open for more than two months, but discovery to date has been proceeding at the pace driven by Plaintiffs, with Defendants meeting every deadline and requesting no extensions. There is no reason to believe that a short stay of custodial ESI discovery for a few weeks or months will delay ultimate resolution of the case or impact witnesses' memories of an event that happened this year.

***Plaintiffs' "final proposed compromise" is not a compromise.*** Plaintiffs' "final proposed compromise" is that Defendants should start ESI discovery immediately and complete negotiating custodians and search terms and begin producing documents in eight weeks (which include the Thanksgiving, Christmas, and New Year holidays, and multiple weeks OpenAI is closed). This is neither realistic nor responsive to Defendants' objections. If the Court believes ESI discovery should commence before the forum non conveniens motion is heard on December 17, the parties should meet and confer as they would in the ordinary course. As Defendants explained in meet and confer, the scope of review and production would determine a reasonable timeline.

**ISSUE 2: OPENAI'S OBLIGATIONS RE: RFP NOS. 1–2, 4–5.**

A. Plaintiff's Position

Plaintiff respectfully requests that the Court compel OpenAI to begin producing documents responsive to RFP Nos. 1–2 and 4–5 by January 19, 2027 consistent with the proposals below.

*i.* **RFP Nos. 1–2.** These Requests seek some of the most relevant information in this case: OpenAI's internal documents referring to JVR, her accounts, and the Tumbler Ridge shooting. OpenAI does not dispute that these Requests seek relevant information, and the only burden objection it raises is that searching for these materials requires "full-scale ESI discovery" and could encompass "marketing and promotion, feature announcements, and similar transmissions to users in the ordinary course of business." But these objections miss the mark. OpenAI has already identified many (if not all) of the responsive custodians in its Statement of Facts, *see* Dkt.

74-3 (identifying 14–16 custodians), and so the RFPs simply call for OpenAI to search their custodial materials for documents related to JVR and the shooting. Plaintiff does not seek general marketing and promotional materials.

*Compromise:* The Parties should agree upon an initial set of custodians and search terms within twenty-one (21) days, and OpenAI should begin producing responsive documents from these custodians, and from non-custodial sources, by no later than **January 19, 2027**.

*ii.* **RFP No. 4.** This Request seeks all "Account Level Information" for JVR's ChatGPT accounts, including Moderation System and Safety System Data. During the Parties' conferral, OpenAI stated that it would agree to produce this information but only if Plaintiff agreed not to pursue RFP Nos. 1, 2, and 5 until after its motions to dismiss are decided. Plaintiff rejects that proposal. These materials are highly relevant "go-get" documents that are maintained in specific and identifiable non-custodial repositories. Plaintiff understands that OpenAI has already collected much of this information and there is no justifiable basis to withhold it.

*Compromise*: OpenAI should produce all responsive data by **January 19, 2027**.

*iii.* **RFP No. 5.** This Request seeks documents sufficient to identify the identities of the people who participated in a review of JVR's ChatGPT accounts and ultimately made the non-referral decision. OpenAI's main objection to this Request is that it would require "full-scale ESI discovery" and that these documents are privileged. But both objections fail. OpenAI already knows precisely who these individuals are, so no ESI discovery is necessary. *See* Dkt. 74-3 at 10 (fourteen people reviewed account before shooting; two people purportedly made non-referral decision). And to the extent OpenAI contends these materials are privileged, they may identify them on a privilege log.

*Compromise*: OpenAI should produce or log all documents responsive to RFP No. 5 by **January 19, 2027**. Alternatively, OpenAI may identify these individuals in an email to Plaintiff's counsel or in its initial disclosures, which are due December 18, 2026.

**B. Defendants' Position**

The parties are actively meeting and conferring regarding RFP No. 4, including video conference meet and confers on November 18 and November 19. There is no impasse for the Court to resolve. RFP Nos. 1, 2 and 5 would require custodial ESI discovery, which should be stayed pending resolution of Defendants' motions to dismiss for the reasons above. Defendants will provide initial disclosures in accordance with Federal Rule of Civil Procedure 26(a) by December 18, 2026, as the parties agreed and stipulated. *See Stacey*, Dkt. 53.

Respectfully submitted,

**MARK STACEY, individually, and as successor-in-interest to decedent SHANNDA AVIUGANA-DURAND,**

Dated: November 24, 2026

By: */s/Brandt Silverkorn*

Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

Brandt Silverkorn (SBN 323530)
bsilverkorn@edelson.com
Aaron Lawson (SBN 319306)
alawson@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300

*Attorneys for Plaintiff*

DATED: November 24, 2026

MUNGER, TOLLES & OLSON LLP

By: */s/ Stephanie G. Herrera*
BETHANY W. KRISTOVICH
JONATHAN H. BLAVIN
STEPHANIE G. HERRERA
Attorneys for Defendants
OpenAI Foundation, OpenAI OpCo, LLC,
OpenAI Group PBC, and Samuel Altman