# EXHIBIT 1

Rafey S. Balabanian, SBN 315962
rbalabanian@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589-6370

Brandt Silverkorn, SBN 323530
bsilverkorn@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: (415) 212-9300

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARK STACEY, individually, and as successor-in-interest to decedent SHANNDA AVIUGANA-DURAND,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMUEL ALTMAN, an individual, OPENAI FOUNDATION, a Delaware corporation, OPENAI OPCO, LLC, a Delaware limited liability company, and OPENAI GROUP PBC, a Delaware public benefit corporation,<br><br>*Defendants*. | Case No.: 3:26-cv-03701-JSC<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT OPENAI OPCO, LLC**<br><br>Judge: Hon. Jacqueline Scott Corley<br>Courtroom 8–19th Floor |

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Mark Stacey, individually and as successor-in-interest to decedent Shannda Aviugana-Durand ("Plaintiff"), requests that Defendant OpenAI OpCo, LLC produce for identification, inspection, and copying via electronic service, or if electronic service is not feasible, at the offices of Edelson PC, 150 California Street, 18th Floor, San Francisco, California 94111, each and all of the following documents and tangible things within thirty (30) days of service of these Requests.

## DEFINITIONS

1. "Account Level Information" means account registration and profile information, user inputs and corresponding model and assistant outputs, memory and custom-instructions history, saved information, user feedback signals, experiment feature assignments, session

information, Metadata at the account, conversation, and message levels with timestamps, user identifiers and authentication data, analytics data, subscription and payment records, and any category of data collected as mentioned in Your privacy policy.

2. “Accounts” means any accounts maintained by, associated with, or attributed to the Shooter.

3. “ChatGPT” means the conversational AI models, products, applications, and interfaces designed, developed, trained, deployed, or operated by OpenAI, Including GPT-4o, GPT-4.1, GPT-4.5, GPT-5, and every other model version, ChatGPT Voice, and the ChatGPT mobile, web, and API applications.

4. “ChatGPT Conversation Logs” means conversations with ChatGPT associated with the Accounts, in native format with all associated Metadata, Including text conversations, voice conversations (both audio recordings and transcripts), photographs and files uploaded, and any deleted, archived, temporary, or otherwise no-longer-visible conversations, and any copy of a conversation retained in any repository used for human review, annotation, rating, evaluation, or safety review, however denominated, regardless of whether the conversation remains visible in the user-facing interface and regardless of whether that repository is subject to different retention rules.

5. “Communication” or “Communications” means the transmittal of information, facts or ideas, Including Communications in the form of any discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, email message, AI chatbot prompt or message, instant message, text message, electronic chat, telegram, audio recording, advertisement, or other form of exchange of words, whether oral or written, sent or received by You to or from any entity, including files maintained or exchanged internally within Your business or with Your employees. “Communication” or “Communications” also means all written and unwritten but recorded correspondence, including non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, Including memos, letters, analog or digital recordings, audio recordings, electronic chat logs, voicemails, emails, computer files, computer discs, or other things sent or received by You to or

from any entity, including files maintained or exchanged internally within Your business or with Your employees.

6. "Document" or "Documents" means any writings, letters, telegrams, memoranda, correspondence, Communications, email messages, memoranda or notes of conferences or telephone conversations, reports, studies, lists, compilations of data, papers, books, records, contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm, computer data files, printouts, accounting statements, mechanical and electrical recordings, checks, pleadings, and other tangible things upon which any handwriting, typing, printing, drawing, representation, photo, or other magnetic or electrical impulses or other form of Communication is recorded, stored or produced, Including audio and video recordings, and ESI (Including emails, web pages, websites, computer discs, computer programs, and computer files), whether or not they are in printout form. These terms shall also mean copies of Documents even if the originals are not in Your possession, custody or control; every copy of a Document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; all attachments to any Documents; and any other Documents, items, and/or information discoverable under federal law and procedure, Including, without limitation, the items referenced in Federal Rule of Civil Procedure 34(a)(1).

7. "ESI" means computer-generated information or data of any kind, stored on computers, file servers, discs, tape or other devices or Media, or otherwise evidenced by recording on some storage Media, whether real, virtual, or cloud-based.

8. "Identify" or "Identifying," with respect to a natural Person, means the Person's full name, and last known job and title (if in Your possession).

9. "Identify" or "Identifying," with respect to a company or other business entity, means to state the company's legal name, the names under which it does business, its form, the address of its principal place of business, and to Identify its principal proprietors, officers, and/or directors.

10. "Identify" or "Identifying," with respect to a Document, means to state the date(s) prepared, drafted or generated, the author(s), intended and actual recipient(s), type of Document, and to Identify its last known custodian or location.

11. "Identify" or "Identifying," with respect to an event, transaction, or occurrence, means to describe the act in complete and reasonable detail; state the time, date, location; Identify all Persons participating or present; and Identify all Documents Relating thereto.

12. "Including" means "including, but not limited to"; "Includes" means "includes, but is not limited to."

13. "Media" means an object or device, real or virtual, Including a disc, tape, computer or other device, on which data is or was stored.

14. "Metadata" means data about data, Including information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified the native file, which describes the characteristics, origins, usage and validity of the electronic file, as well as information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

15. "Moderation System" means any content moderation tool utilized by OpenAI, Including the Moderation API and any automated systems to Identify, categorize, score, flag, and filter content that may violate Your terms or policies Related To safety and content moderation, and any human review, annotation, or decision-making layered on top of any such tool.

16. "OpenAI" and "Defendant" means Defendant OpenAI OpCo, LLC.

17. "Person" means any natural person, corporation, partnership, association, organization, joint venture, or other entity of any type or nature.

18. "Relating To," Including its various forms such as "Relates To" or "Related To," means to consist of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or legally connected, directly or indirectly, with the matter described.

19. "Safety System" means any safety processes, procedures, or components the model and its assistant use to ensure safe interactions with users based on OpenAI's safety guidelines.

20. "Shooter" means Jesse Van Rootselaar.

21. "Shooting" means the shooting perpetrated by the Shooter on February 10, 2026 in Tumbler Ridge, British Columbia, Canada.

22. "You" or "Your" means OpenAI OpCo, LLC and its present and former divisions, parents, present and former subsidiaries (Including OpenAI Foundation, OpenAI Group PBC, OpenAI Holdings, LLC, and any other OpenAI entity), predecessors and successors, present and former officers, present and former directors, present and former agents, present and former attorneys, present and former employees, and all Persons acting, purporting to act, or that have purported to act on behalf of any of them.

## INSTRUCTIONS

1. All Documents must be produced in their native data format, along with all relevant Metadata. In the event You contend that Documents to be produced in response to any of the Requests are more readily available and easier to use, search, manage, and produce in a non-native form, You shall promptly notify Plaintiff's counsel of the specific Documents at issue, and the Parties shall engage in a meet-and-confer. If no agreement as to the format of the production for the Documents specified can be reached at the meet-and-confer, the Parties shall submit their dispute to the Court.

2. Each page of the produced Document or Media upon which ESI in native format is produced shall have a legible, unique page identifier, or "Bates Number."

3. Where production of .tiff images rather than native format ESI is agreed upon by the Parties, each Document image file shall be named with the unique Bates Number of the first page of the Document, followed by the extension ".tiff." To the extent separate text files are provided, text files should be named the same as the first .tiff image of the Document.

4. When producing the requested Documents, You are to designate for which specific Request(s) the Document is responsive, identifying them by Bates Number. Under Federal Rule of Civil Procedure 34(b)(2)(E), all Documents are to be produced in the form, order, and manner in which they are maintained in Your files.

5. If any Document requested has been lost or destroyed since its creation, Identify the nature of the Document, the date of the Document, the Persons who sent and received the original and any copy of the Document, a summary of the content of the Document, describe when, where, how, and by whom said Document was lost or destroyed, and state the name of the Person(s) who last had custody thereof.

6. Any Documents and Communications hyperlinked in any responsive Documents and Communications must also be produced.

7. Documents within Your possession, custody, or control must be produced regardless of which entity created, authored, or maintains them. If You contend that Documents responsive to any Request are held by a Defendant other than OpenAI OpCo, LLC and are outside Your possession, custody, or control, identify the Request, the entity, and the basis for that contention in Your written response.

8. Please be advised that Request for Production Nos. 6–9, each of which relates to venue, must only be responded to if the Parties fail to reach agreement on a stipulation of facts related to *forum non conveniens* prior to September 24, 2026.

9. If any documents are withheld on the basis of any privilege, please produce a log consistent with the Court's Civil Standing Order.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications Related To the Shooter and/or the Accounts prior to February 10, 2026.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications Related To the Shooter and/or the Accounts between February 10, 2026 and April 24, 2026.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Complete ChatGPT Conversation Logs for the Accounts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All Account Level Information for the Accounts and every Moderation System and Safety System output associated with any message in the Accounts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to Identify all individuals who participated in (i) any human-level review of the Accounts prior to February 10, 2026, and/or (ii) any decision not to refer the Shooter to law enforcement prior to February 10, 2026.

**RESPONSE:**

***

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to Identify the location(s) where (i) You developed the ChatGPT models used by the Shooter, (ii) You made the decision(s) not to refer the Shooter to law enforcement prior to February 10, 2026, and (iii) all repositories of physical evidence You possess Related To the Shooting are located.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to Identify the location of each of Your employees (i) who helped develop the ChatGPT models used by the Shooter, (ii) who participated in any human-level review of the Shooter's Accounts prior to February 10, 2026, and/or (iii) who participated in any decision-making about whether to refer the Shooter to law enforcement prior to February 10, 2026.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 8:</u>**

Documents sufficient to Identify all former employees or contractors (i) who helped develop the ChatGPT models used by the Shooter, (ii) who participated in any human-level review of the Shooter's Accounts prior to February 10, 2026, and/or (iii) who participated in any decision-making about whether to refer the Shooter to law enforcement prior to February 10, 2026.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 9:</u>**

Documents sufficient to Identify the last known location of any individuals responsive to Request for Production No. 8.

**RESPONSE:**

Respectfully submitted,

MARK STACEY, individually and as successor-in-interest to decedent SHANNDA AVIUGANA-DURAND

Dated: September 18, 2026

By: <u>*/s/ Brandt Silverkorn*</u>

Rafey S. Balabanian, SBN 315962
rbalabanian@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589-6370

Brandt Silverkorn, SBN 323530
bsilverkorn@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: (415) 212-9300

*Attorneys for Plaintiff Mark Stacey, individually and as successor-in-interest to decedent Shannda Aviugana-Durand*

**CERTIFICATE OF SERVICE**

I, Brandt Silverkorn, hereby certify that on September 18, 2026, I caused to be served a true and correct copy of the foregoing PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT OPENAI OPCO, LLC via electronic mail upon the following counsel of record:

Jonathan H. Blavin (SBN 230269)
jonathan.blavin@mto.com
Stephanie G. Herrera (SBN 313887)
stephanie.herrera@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Bethany W. Kristovich (SBN 241891)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant OpenAI Foundation, OpenAI OpCo, LLC, OpenAI Group PBC, and Samuel Altman*

I certify under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on September 18, 2026 at Moraga, California.

*/s/ Brandt Silverkorn*