DANIEL S. ALTER (NY Bar No. 2472264)
Email: danielatler@broadfieldlaw.com
BROADFIELD US LLP
488 Madison Ave., 22nd Floor
New York, NY 10022-5704
Telephone: (212) 390-1256
**Admission Pro Hac Vice Pending*

JOHN C. STASER (SBN 294643)
Email: jstaser@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone: (310) 553-4441
Facsimile: (310) 201-4746

Attorneys for Amicus Curiae,
CHAMBER OF PROGRESS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: TUMBLER RIDGE SHOOTING LITIGATION<br><br>This Document Relates To: All Related Actions. | **Case No. 3:26-cv-03701-JSC**<br><br>**NOTICE OF UNOPPOSED MOTION AND MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF ON BEHALF OF CHAMBER OF PROGRESS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS [ECF 85]**<br><br>Judge: Hon. Jacqueline S. Corley<br>Ctrm: 8 (19th Floor)<br>Date: TBD<br>Time: TBD<br><br>[Filed concurrently with [Proposed] Brief of *Amicus Curiae* Chamber of Progress in Support of Defendants' Motion to Dismiss; Declaration of Daniel Alter; [Proposed] Order |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that as soon as the matter may be heard, before the Honorable Jacqueline Scott Corley, of the United States District Court for the Northern District of California, in Courtroom 8 of the above-captioned court, located at 450 Golden Gate Avenue, San Francisco, California 94102, proposed *amicus curiae* Chamber of Progress (the "Chamber") will and hereby does move the Court for leave to file the proposed *amicus curiae* brief, submitted concurrently herewith, in support of Defendants' *Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)* ("Motion to Dismiss") [ECF 85], set to be heard on February 11, 2027, at 10:00 a.m.

The Chamber seeks an order (1) granting leave to file the proposed brief *amicus curiae* in support of Defendants' Motion to Dismiss [ECF 85], and (2) deeming the proposed *amicus curiae* brief, a copy of which is annexed to this motion, filed as of the date any such order is entered. Plaintiffs do not object to the Chamber filing an *amicus* brief or the relief requested herein. (Declaration of Daniel S. Alter ("Alter Decl."), ¶ 2).

Accordingly, pursuant to Civil Local Rule 7-1(b), the Chamber respectfully requests that the Court decide the instant motion on the papers, as soon as the matter may be heard, and without oral argument. A [Proposed] Order is submitted concurrently herewith.

This motion is based on this Notice of Unopposed Motion and Motion; the Memorandum of Points and Authorities below; the Declaration of Daniel S. Alter ("Alter Decl."), the proposed Brief of *Amicus Curiae* Chamber of Progress in Support of Defendants' Motion to Dismiss, and the [Proposed] Order, filed concurrently herewith; the pleadings and records on file in this action, and such other matters as the Court may consider

## CORPORATE DISCLOSURE STATEMENT

The Chamber certifies that it is a nonprofit 501(c)(6) corporation organized under the laws of the State of Virginia, that it has no parent corporation, and that no publicly held corporation owns ten percent (10%) or more of its stock. (Alter Decl., ¶ 5).

No counsel for any party to this action authored the brief, in whole or in part, and no party, counsel for a party, or other person or entity, other than the Chamber, its members, or its counsel, made any monetary contribution intended to fund the preparation or submission of the proposed

*amicus* brief. Although Defendant OpenAI is a corporate partner of the Chamber, it did not contribute money that was intended to fund preparing or submitting the proposed brief. (Alter Decl., ¶ 7).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF THE ISSUE PRESENTED

Whether the Court should exercise its discretion to grant the Chamber leave to file the proposed brief *amicus curiae* in support of Defendants' Motion to Dismiss [ECF 85].

### II. ARGUMENT

The Chamber respectfully moves this Court for leave to file a brief *amicus curiae* in support of Defendants' Motion to Dismiss [ECF 85] in the above-captioned cases. Although OpenAI provides support to the Chamber as a partner in the Chamber's mission, neither OpenAI nor any other such partner sits on the Chamber's board of directors, nor does it vote on its positions or veto the Chamber's activities. On the contrary, the Chamber may disagree with the positions of, and never speaks for, a partner organization. (Atler Decl. ¶ 6). Plaintiffs have no objection to the Chamber filing the proposed *amicus* brief or the relief requested by the Chamber. (Alter Decl. ¶ 2).

In this district, "whether to allow Amici to file a brief is solely within the Court's discretion, and generally courts have exercised great liberality in permitting amicus briefs." *California v. U.S. Dep't of Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (citations omitted). There are no strict requirements that an applicant must meet to become an *amicus. See NetChoice LLC v. Bonta*, No. 22-cv-08861, 2023 WL 6131619, at *1 (N.D. Cal. Sept. 18, 2023). "But when a court exercises its discretion to allow an amicus to file a brief, the salient question is whether such brief is helpful to the court." *Mobley v. Workday, Inc.*, No. 23-cv-00770, 2026 WL 636719, at *1 (N.D. Cal. 2026) (internal quotation marks omitted).

The Chamber is a technology-industry coalition devoted to a progressive society, economy, workforce, and consumer climate. It supports public policies that promote innovation and economic growth, protect internet freedom and free expression, and help ensure that the benefits of technological progress are broadly shared. (Atler Decl. ¶ 4). The Chamber therefore respectfully requests permission to file an *amicus* brief to flag certain constitutional, free-expression concerns implicated by this litigation that are both serious and in the public interest for the Court to consider.

## III. CONCLUSION

For all the foregoing reasons, the Chamber respectfully requests that the Court grant leave to file the proposed brief *amicus curiae* and deem it filed as of the date of entry of the Court's order.

Dated: November 25, 2026

BROADFIELD US LLP

By: /s/ *Daniel S. Alter*
DANIEL S. ALTER
Attorneys for Amicus Curiae
CHAMBER OF PROGRESS
**Admission Pro Hac Vice Pending*

Dated: November 25, 2026

TROYGOULD PC

By: /s/ *John C. Staser*
JOHN C. STASER
Attorneys for Amicus Curiae
CHAMBER OF PROGRESS

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest that each of the other signatories to this document has concurred in its filing.

By: */s/ John C. Staser*
JOHN C. STASER
Attorneys for Amicus Curiae
CHAMBER OF PROGRESS