JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
STEPHANIE G. HERRERA (State Bar No. 313887)
stephanie.herrera@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendants
OpenAI Foundation, OpenAI OpCo, LLC,
OpenAI Group PBC, OpenAI Holdings, LLC,
and Samuel Altman

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TUMBLER RIDGE SHOOTING | Lead Case No. 3:26-cv-03701-JSC<br><br>**DEFENDANTS' STATEMENT REGARDING NONPARTY DOW JONES & CO., INC.'S NOTICE OF MOTION AND MOTION TO INTERVENE AND UNSEAL COURT RECORDS (DKT. NO. 82)**<br><br>Judge: Hon. Jacqueline S. Corley<br>Crtrm.: 8 (19th Floor) |
| This Document Relates To: All Related Actions | |

**DEFENDANTS' STATEMENT REGARDING NONPARTY DOW JONES & CO., INC.'S NOTICE OF MOTION AND MOTION TO INTERVENE AND UNSEAL COURT RECORDS**

Like the pending Administrative Motions pursuant to Local Civ. R. 79-5,[1] nonparty Dow Jones & Co., Inc.'s Notice of Motion and Motion to Intervene and Unseal Court Records ("Motion") concerns excerpts of Jesse Van Rootselaar's private conversations with ChatGPT.

Defendants recognize and understand the significant interest of the press and the public in the judicial records of this proceeding and the underlying events. Defendants file this statement in response to the Motion merely to reiterate, as set forth in Dkt. Nos. 76, 81, and 86, that the ongoing criminal investigation by the Royal Canadian Mounted Police ("RCMP") may provide a compelling reason to seal all Van Rootselaar's ChatGPT conversations at this juncture, and that Defendants cannot unilaterally consent to public disclosure of users' private conversations with ChatGPT. Defendants respectfully defer to the Court's determination of whether Van Rootselaar's ChatGPT conversations should be filed on the public docket.

While Defendants deeply respect the role of the press, the Court's determination should be made on an accurate record. To that end, Defendants also submit this statement to correct certain inaccurate statements in the Motion that repeat inaccuracies in Plaintiffs' various submissions regarding sealing of Van Rootselaar's ChatGPT conversations. First, the Motion states that the RCMP's prior sealing application is "stale and irrelevant" because it was submitted "eight months ago" and Van Rootselaar's ChatGPT conversations "were not referenced in the RCMP's application that OpenAI cites." Mot. at 14 & n.6 (emphasis omitted) (citing Dkt. No. 78 at 1–2). That is inaccurate on multiple counts: The application plainly references materials from Van

[1] *See, e.g.*, Dkt. Nos. 62, 75 and 3:26-cv-10743 Dkt. Nos. 30, 32 (Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed); *see* Dkt. Nos. 76, 81 (Defendants' Statements re: Plaintiffs' Administrative Motions); Dkt. No. 86 (Defendants' Administrative Motion to File Under Seal).

Rootselaar's ChatGPT accounts. *See* Decl. of Stephanie G. Herrera in Support of Defs.' First Stmt. Re: Sealing, Ex. A, Dkt. 76-2 (Production Order) at 82–84; *see also id.* at 90 (block redactions also related to Van Rootselaar's ChatGPT accounts). On August 3, 2026, a court in British Columbia ordered partial unsealing of the application materials at the request of Canadian news media outlets. *Id.* at 99–100. Although RCMP released certain details about the investigation pursuant to that order, RCMP redacted information about Van Rootselaar's ChatGPT accounts, and that material "remain[s] sealed" under the order. *Id.* at 100; *see also* 3:26-cv-10743, Dkt. No. 18-1 ¶ 8.

Second, the Motion repeats the British Columbia Government Plaintiffs' assertion that "the RCMP has not expressed any concern about the public disclosure" of Van Rootselaar's ChatGPT conversations. Mot. at 13 (citing Dkt. No. 79 at 3–4). That too is inaccurate: RCMP officers have submitted sworn declarations in British Columbia courts stating that the premature disclosure of evidence concerning Van Rootselaar's ChatGPT accounts could compromise their ongoing criminal investigation. *See, e.g.*, Dkt. No. 86-2 (Ex. A to Herrera Decl.) at 91–94. The Motion offers no evidence that RCMP has changed its position—and RCMP's recent efforts to keep Van Rootselaar's ChatGPT materials under seal (discussed above) suggest it has not. Earlier this month, British Columbia Government Plaintiffs represented to this Court that "RCMP's position concerning whether the chats may be fully or partially *unsealed*" was "under review." 3:26-cv-10743, Dkt. No. 31-1 ¶ 15 (emphasis added). Since then, British Columbia Government Plaintiffs have failed to submit any evidence about RCMP's position. *See* Dkt. No. 79 at 3–4 (citing Dkt. No. 31-1 ¶ 15); Dkt. No. 84 at 3–4 (citing Dkt. No. 31-1 ¶ 15); Dkt. No. 95 at 3–4 (citing Dkt. No. 31-1 ¶ 15).

As stated previously, Defendants ultimately defer to the Court on this issue. If the Court determines that the RCMP's ongoing investigation warrants sealing at this juncture, Van

Rootselaar's ChatGPT conversations should be sealed in their entirety, without prejudice to reconsideration when circumstances change. Likewise, if the Court determines that public access considerations outweigh other factors, Van Rootselaar's ChatGPT conversations should be unsealed in their entirety, as the reasons for sealing that are currently before the Court apply equally to the entire record of her conversations with ChatGPT.

DATED: November 25, 2026 MUNGER, TOLLES & OLSON LLP

By: */s/ Stephanie G. Herrera*
STEPHANIE G. HERRERA
Attorneys for Defendants
OpenAI Foundation, OpenAI OpCo, LLC,
OpenAI Group PBC, OpenAI Holdings, LLC,
and Samuel Altman